

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-12-2009

# Jeffrey Keith v. Comm of PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3645

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Jeffrey Keith v. Comm of PA" (2009). *2009 Decisions.* Paper 265.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/265

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3645
_____

IN RE: JEFFREY L. KEITH,
                                        Petitioner


_____


On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to D.C. Civil No. 3:08-cv-01998)

_____


Submitted Pursuant to Rule 21, Fed. R. App. P.
October 30, 2009
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges
(Opinion filed: November 12, 2009)
_____

OPINION
_____

PER CURIAM.

On November 4, 2008, Petitioner Jeffrey Keith, a prisoner proceeding pro

se, petitioned the District Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,

challenging the voluntariness of his plea and the effectiveness of his appellate counsel.

The Commonwealth of Pennsylvania moved for an extension of time to file a response,

and in April 2009, the District Judge granted the motion, granting the Commonwealth

1

until June 1, 2009, to respond. Having received no response, on August 5, 2009, the District Judge entered an order that a hearing on the habeas petition would be scheduled if the Commonwealth did not submit a response by September 1, 2009. The Commonwealth then submitted a response to Keith's habeas petition on August 31, 2009. On September 4, 2009, Keith petitioned this Court for a writ of mandamus, requesting an order compelling the District Court to act upon his habeas petition.[1] Since that time, on September 9, 2009, Keith filed a reply brief to the Commonwealth's response to his habeas petition in the District Court.

Mandamus is a drastic remedy available only in extraordinary cases, see In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005), as the petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired and a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Although a district court has discretion over the management of its docket, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817-18 (3d Cir. 1982), a federal appellate court "may issue a writ of mandamus on the ground that [the district court's] undue delay is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

---

[1] At the time Keith submitted his motion for writ of mandamus, it appears that he had not yet received a copy of the Commonwealth's response, which was filed on August 31, 2009. See Motion for Writ of Mandamus, p. 4 ("The Petitioner asserts that it is past September 1st 2009, and apparently no response has been filed because he has not receiving nothing, nor has the District Court responded.").

We recognize that approximately one year has elapsed since the date Keith submitted his habeas petition. However, the Commonwealth recently submitted a response to which Keith submitted a reply. We cannot conclude that the overall delay in this matter rises to the level of a denial of due process, see id., and we are confident that the District Court will enter an order in due course. Accordingly, the petition is denied.